IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ROBERT TREADWAY, et al,

Defendants.

DECISION AND ORDER

09-CR-0096(S)(M)

This case was referred to me by Hon. William M. Skretny for supervision of all pretrial matters [108].[1] Before me is defendant Robert Treadway's motion for leave to file a *pro se* motion [343]. For the following reasons, I order that the motion be denied, without prejudice to renewal.

## BACKGROUND

Defendant is among nineteen defendants who are allegedly members of the Chosen Few Motorcycle Club ("CFMC"). They are charged in a thirty-two count third superseding indictment with, *inter alia*, numerous racketeering counts [143]. The evidence in this case includes consensual recordings made by David Ignasiak, a former member of the CFMC, and audio and video recordings pursuant to orders issued by Judge Skretny. The case remains in the pretrial phase. Defendants' non-dispostive motions have been decided [337], and dispositive motions are due to be filed on September 24, 2010 [338].

Defendant, who is represented by appointed counsel David Addelman, Esq., moves "to proceed prose [*sic*] in the attached 'motion to show cause' in the interest of (1) equal

---

[1] Bracketed references are to CM/ECF docket entries.

protection, (2) interest of justice, and (3) to prevent a miscarriage of justice". Defendant's Motion [343], p. 1. Defendant seeks to compel AUSA Anthony Bruce to show cause why he should not be held in contempt for leaking to the Buffalo News "quoted statements recorded by the FBI electronic eavesdropping equipment, within the confines of the CFMC's club house". Id., p. 2, ¶2.

**ANAYLSIS**

"The decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court." United States v. Tutino, 883 F. 2d 1125, 1141 (2d Cir. 1989), cert. denied, 493 U.S. 1081 (1990). "A court need not permit hybrid representation if a defendant does not offer a 'compelling reason,' . . . or show that 'the interests of justice [would be] served by a defendant's supplementation of the legal services provided by his retained counsel'". United States v. Parker, 2009 WL 5342774, *2 (W.D.N.Y. 2009) (Payson, M.J.), Report and Recommendation adopted by, 2010 WL 114575 (W.D.N.Y. 2010) (Larimer, J.).

Defendant does not allege that Mr. Addelman is unwilling to file this motion, or that he has even discussed this issue with him. Therefore, without reaching the merits of defendant's underlying motion for contempt, I find that defendant has not demonstrated any compelling reason or demonstrated why the interests of justice would be served by permitting him to file this *pro se* motion.

In fact, permitting defendant to file this *pro se* motion without consulting with his appointed counsel may prejudice defendant's position. Defendant "may stumble upon a valid issue but loose [*sic*] on its merits due to amateur advocacy. He may thus prevent counsel from

raising it in a more competent manner". United States v. D'Souza, 1992 WL 151920, *2 (E.D.N.Y. 1992). "Therefore, the current *pro se* motion is denied without prejudice to its later presentation through counsel", or to renewal upon consultation with his appointed counsel. Id.

## CONCLUSION

For these reasons, defendant Treadway's motion for leave to file a *pro se* motion [343] is denied, without prejudice to renewal.

**SO ORDERED**.

DATED: August 11, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge