UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **ORDER**
09-CR-96S (12)

ROBERT TREADWAY,

Defendant.

1. On May 5, 2010, this Court granted the government's appeal of the magistrate judge's release order and directed that Defendant Treadway's pretrial detention be maintained pursuant to 18 U.S.C. § 3142(e). Presently before this Court is Defendant's Motion for Reconsideration of that Detention Order. The motion is denied.

2. Under the Bail Reform Act, 18 U.S.C. §§ 3141, *et seq.*, pretrial detention is available only pursuant to § 3142(e). *See* 18 U.S.C. § 3142(a)(4); *United States v. Dillard*, 214 F.3d 88, 90-91 (2d Cir. 2000). That subsection expressly authorizes the pretrial detention of a defendant upon a judicial finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Factors that must be assessed to make this determination are set forth in 18 U.S.C. § 3142(g).

3. Also applicable here, given the nature of the charges against Defendant, is the rebuttable presumption in § 3142(e)(3). Under that provision, it is presumed, subject to rebuttal, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," if there is probable cause to believe that the person committed one of the offenses to which the presumption

1

attaches.

4. In May 2010, this Court continued Defendant's pretrial detention because he did not successfully rebut the presumption in § 3142(e)(3). In reaching this conclusion, this Court noted the seriousness of the charges against Defendant and the evidence that he was involved in violent and aggressive acts against David Ignasiak and members of the rival Kingsmen Motorcycle Club. In particular, this Court noted Defendant's involvement in (1) voting to continue a "war" against the Kingsmen, (2) taking a shotgun from the Chosen Few Motorcycle Club clubhouse and going out to look for and injure Ignasiak, (3) a confrontation with Ignasiak in a bar, and (4) another altercation involving Ignasiak, in which Mr. Treadway and a co-defendant waited for Ignasiak in a truck in Cheektowaga and then had a confrontation with him.

5. At that time, this Court noted that the possibility of credibility issues with Mr. Ignasiak, but nonetheless determined that Defendant's explanations for his conduct, coupled with the strength of the government's proffer, failed to overcome the presumption that no condition or combination of conditions could protect the safety of the community.

6. Defendant now seeks reconsideration on the basis that David Ignasiak allegedly testified falsely before the magistrate judge in a detention hearing for a co-defendant. He also argues that he received ineffective assistance of counsel before this Court in May 2010. Neither contention warrants reconsideration.

7. First, no determination has been made that Ignasiak testified falsely; the magistrate judge found his testimony inconsistent with the testimony of a disinterested witness and therefore did not credit it. At best, the magistrate judge made an adverse credibility finding. This determination, which occurred in another proceeding not involving

Defendant, does not alter this Court's determination that Defendant poses a danger to the community, which already factored in Ignasiak's reduced credibility. In determining that Defendant's pretrial detention should be maintained, this Court relied on the evidence proffered by the government, particularly Defendant's possession of a shotgun and ammunition during a search for Ignasiak, and noted that Ignasiak may have credibility problems. The magistrate judge's subsequent confirmation of that possibility does not alter this Court's determination. Further, this Court continues to find that Defendant's explanations for the above-referenced incidents do not overcome the government's proffer or the statutory presumption.

8. Second, Defendant did not receive ineffective assistance of counsel. In fact, his previous attorney actually won his release before the magistrate judge. This Court simply took a different view of the evidence.

9. Finally, this Court finds that Defendant's continued pretrial detention, now at approximately 20 months, does not raise constitutional concerns: the government is not responsible for the delay; the charges against Defendant are serious; and the government has set forth considerable evidence of Defendant's dangerousness.

10. Consequently, for all of these reasons, Defendant's Motion for Reconsideration is denied.

IT HEREBY IS ORDERED, that Defendant's [434] Motion for Reconsideration of this Court's Detention Order is DENIED.

FURTHER, that Defendant's pretrial detention shall be maintained pursuant to 18 U.S.C. § 3142(e).

SO ORDERED.

Date: January 28, 2011
      Buffalo, NY

                                              /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                                Chief Judge
                                          United States District Court